The President
delivered the opinion of the Court.
The depositions are clearly inadmissible. The first answer is filed in 1789, disclosing the sale to Jones, but at what time does not appear. If it had been pendente lite, the depositions might perhaps have been read. The bill against Jones, is neither supplemental nor amended, for it contains new matter entirely, without noticing the former bill. The cause must, therefore, be heard upon the bill, answer, and exhibits.
It appears, that under the Act of Assembly passed in 1779, Rodgers was entituled to a grant on a militarv survey, returned in 1776. This, however, was subject to a caveat, upon the trial of which, the merits might have been heard and decided.
A caveat was entered by Williams, and, in consequence of an accident, was dismissed. We shall, therefore, consider the case as the General Court would have done, on a hearing of the caveat.
As to a right by settlement, Rodgers appears te *297 have had the best; but no right whatever could be acquired in this way, in lands formerly belonging to the Crown, until the Act passed in May, 1779—be-fore that time, those lands might have been entered, 1 % o . 1*****7 and patented by any person, notwithstanding prior settlements by others : and even this act, which considers settlers as entitled to some compensation for the risk they had run, allows them only a preference to such settlements, as at that time were waste and unappropriated. As to priority of settlement, it might still remain a question between persons, both of whom claim under the same sort of title; but the law of 1779, does not set up rights of this sort, so as to defeat those legally acquired under warrantsj it applies to controversies between mere settlers.
The land in question, therefore, was not waste and unappropriated in 1779, not subject to the claim of a settler, however just it might be, because Rodgers was then entitled to a patent for it
Decree reversed with costs, and bill dismissed, each party paying his ow,n costs in the High Court of Chancery.(1)

 Depen v. Howard, 1 Munf. 301. Norvel v. Camm, 2 Munf. 257. Noland v. Cromwell, 4 Munf. 168. 172. 177.